OPINION
{¶ 1} This is an appeal from an order of the Probate Court that imposed sanctions on an administrator of a decedent's estate pursuant to R.C. 2323.51 for engaging in frivolous conduct. *Page 2 
 {¶ 2} Appellee, Harry G. Beyoglides, Jr., an attorney, was appointed guardian of the estate of Robert C. Lewis in 1989. Beyoglides was allowed and paid fees as guardian several times during the term of the guardianship. Following the ward's death, Beyoglides filed a final account in which, as guardian, he sought approval for payment of legal fees to himself for services he performed as attorney for the guardian.
 {¶ 3} The guardian's final account was approved by the Probate Court on September 4, 2001. Beyoglides was paid $12,854.54, pursuant to the court's approval, as and for legal fees.
 {¶ 4} Several years after Mr. Lewis's death and the Probate Court's approval of the guardian's final account, a son of the deceased applied for authority to administer Mr. Lewis's estate, and was duly appointed by the Probate Court. Following his errors in identifying next-of-kin, Attorney Mary K.C. Soter, the Appellant, was appointed substitute administrator.
 {¶ 5} On October 17, 2005, more than four years after the guardian's final account had been approved by the Probate Court, Soter filed an Objection and Motion to Set Aside the Final Guardianship Account, contending that Beyoglides, as guardian, had failed to comply with R.C. 5905.11. That *Page 3 
section governs annual accounts filed with the Probate Court by guardians of wards who are paid benefits by the Veterans Administration, as Mr. Lewis was. Soter's objection alleged, in essence, that Beyoglides had been paid fees as guardian and attorney for the guardian contrary to requirements imposed by R.C. 5905.11.
 {¶ 6} Beyoglides filed a memorandum in opposition to the administrator's objection. A magistrate filed a decision finding that the objection was time-barred by R.C. 2109.35. The Probate Court approved and adopted the magistrate's decision on the date it was filed, March 24, 2006, subject to timely objections that might be filed. The record does not reflect that objections were filed.
 {¶ 7} On April 21, 2006, Beyoglides filed a Motion For Sanctions, Attorney Fees, and Costs. He argued that because Soter's objection to his final account was time-barred by R.C. 2109.35, filing the objection was frivolous conduct for which the relief he sought may be ordered pursuant to R.C. 2323.51.
 {¶ 8} The motion was referred to a magistrate, who, after a hearing, issued a decision awarding Beyoglides $1,732.50 in attorneys fees and $16.88 in costs he had expended in defending himself against Soter's objection to the guardian's final account. Soter filed Civ. R. 53 objections to the *Page 4 
magistrate's decision. On July 5, 2005, the Probate Court overruled the objections and adopted the magistrate's decision. Soter filed a timely notice of appeal.
 {¶ 9} Soter presents six assignments of error for review, all relating to the sanctions the Probate Court ordered. We believe the issues they present are resolved by our determination of the third assignment of error, which states:
 {¶ 10} "THE COURT ERRED IN FINDING APPELLANT GUILTY OF FRIVOLOUS CONDUCT WHEN APPELLANT HAD A GOOD FAITH ARGUMENT FOR AN EXTENSION OF THE LAW."
 {¶ 11} The Probate Court imposed sanctions on a finding that the objections to the guardian's final account that Soter filed states a claim that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii), (B)(1). The court so found because, as it had previously held when it adopted the magistrate's decision denying Soter's objection, the objection to the guardian's final account was expressly time-barred by R.C. 2109.35(B).
 {¶ 12} R.C. 2109.35 provides:
 {¶ 13} "The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment *Page 5 
and may be vacated only as follows:
 {¶ 14} "(B) The order may be vacated for good cause shown, other than fraud, upon motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it; provided that, if the account settled by the order is included and specified in the notice to that person of the proceeding in which a subsequent account is settled, the right of that person to vacate the order shall terminate upon the settlement of the subsequent account. A person affected by an order settling an account shall be deemed to have been a party to the proceeding in which the order was made if that person was served with notice of the hearing on the account in accordance with section 2109.33
of the Revised Code, waived that notice, consented to the approval of the account, filed exceptions to the account, or is bound by section 2109.34 of the Revised Code; but no person in being who is under legal disability at the time of that proceeding shall be deemed to have been a party to that proceeding unless he was represented in it as provided in section 2111.23 of the Revised Code. Neither the fiduciary nor hissurety shall incur any liability as a result of the vacation of an ordersettling an account in accordance with this division, if the *Page 6 motion to vacate the order is filed more than three years following thesettlement of the fiduciary's account showing complete distribution ofassets; but the three-year period shall not affect the liability of anyheir, devisee, or distributee either before or after the expiration ofthat period." (Emphasis supplied).
 {¶ 15} It is undisputed that more than three years had passed since the Probate Court approved the guardian's final account on September 4, 2001 when Soter filed her objections to the final account on October 17, 2005. However, Beyoglides concedes that Soter had no notice of his final account or the court's approval of it. Therefore, Soter's objection was permitted by R.C. 2109.35(B).
 {¶ 16} Nevertheless, the Probate Court dismissed Soter's objection on a finding that Beyoglides is immune pursuant to the concluding paragraph of R.C. 2109.35, being the "fiduciary" whose final account was approved by the court more than three years before Soter's motion to vacate that order of the Probate Court was filed. We agree that Beyoglides can have no liability as fiduciary for any distributions he made pursuant to the court's order approving his final account. However, that exemption from liability is subject to an exception, which states: "but, the three year period shall not *Page 7 
affect the liability of any heir, devisee, or distributee either before or after the expiration of that period." (Emphasis supplied). That exception could permit a finding of liability on the part of Beyoglides with respect to the attorney fee he was paid as a "distributee" of the assets of the guardianship, pursuant to the Probate Court's approval of the guardian's final account.
 {¶ 17} On this record, the Probate Court erred when it found that the objection Soter filed was "not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law," R.C. 2323.51(A)(2)(a)(ii), and is therefore frivolous conduct for which sanctions may be imposed pursuant to R.C. 2323.51(B)(1). The assignment of error is sustained. The judgment of July 5, 2007, imposing sanctions will be reversed and vacated.
 {¶ 18} As a final matter, we note that any error the Probate Court committed on March 24, 2006, in adopting the magistrate's decision denying the objections to the guardian's final account that Soter filed is not subject to our review. The court's order was final and appealable because it was one which affected a substantial right made in a special proceeding. R.C. 2505.02(B)(2). No notice of appeal was *Page 8 
filed from it. Therefore, we lack jurisdiction to review any error that order involves.
WOLFF, P.J. And FAIN, J., concur.
Copies mailed to:
 Hon Alice O. McCollum *Page 1